UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

HUGO ESPINOZA,                                       )
            Plaintiff,                             )
                                                        )
        vs.                                          )            1:04-cv-1009-LJM-VSS
                                                        )
CITY OF INDIANAPOLIS and JERRY CANNON, )
individually and in his official capacity,           )
            Defendants.                         )

## ORDER ON DEFENDANT'S MOTION TO RECONSIDER

This cause is before the Court on Defendant's, Jerry Canon ("Canon"), Motion to Reconsider the Court's Order of March 14, 2006, wherein the Court denied summary judgment on Plaintiff's, Hugo Espinoza ("Espinoza"), claims against Canon in Canon's individual capacity. The Court also denied summary judgment on Canon's argument that he was entitled to qualified immunity.

Because Canon's motion was filed within ten days of the Court's Order denying summary judgment, it must be treated under the standard for a motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"). *See Doe v. Howe Military Sch.*, 227 F.3d 981, 992 (7th Cir. 2000). Rule 59(e) requires that the moving party clearly establish either a manifest error of law, an intervening change in the controlling law, or present newly discovered evidence. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998).

Canon argues that he was entitled to use deadly force against Espinoza because there was a warrant for Espinoza's arrest for attempted murder, Espinoza fled when Canon tried to arrest him, and Canon feared that Espinoza was reaching for a weapon. However, Canon has failed to make the required showing under Rule 59(e) for altering or amending this Court's Order denying summary judgment on Espinoza's claims against Canon in Canon's individual capacity. Canon does not

present any new evidence nor discuss any intervening change in the law, and so his apparent

argument is that the Court incorrectly applied the law.  The Court concludes that Canon has failed

to clearly establish a manifest error of law.

Canon first contends that deadly force was warranted because Espinoza posed an immediate

threat to officer safety.  Specifically, Canon states that he was informed that Espinoza might be

armed and that Espinoza reached for his shirt when he initially approached Espinoza.  Whether or

not Espinoza did, in fact, reach for his shirt is contested because Espinoza claims that he did nothing

at all except to run away when Canon approached with a drawn handgun.  Even assuming, however,

that there was not a factual dispute on this matter and that the only evidence was that Espinoza did

reach for his shirt, there are still factual issues to be resolved.  As the Court observed in the March

14, 2006, Order, such an action on Espinoza's part might have been enough for Canon to use deadly

force at that moment.  But, Canon did not discharge his weapon at that time and so the immediacy

of any threat dissipated once Espinoza turned to flee.  *See Ellis v. Wynalda*, 999 F.2d 243, 247 (7th

Cir. 1993).  Notably, Canon did not say anything about Espinoza reaching for a weapon as he ran

or that he even made some sort of gesture that could be interpreted as such.[1]  The only thing that

Canon mentioned was that he lost sight of Espinoza's hands, something not unusual considering that

Espinoza was running away from him at the time and had his back exposed.  Under the

circumstances, a jury could reasonably conclude that Espinoza did not pose an immediate threat such

that deadly force was warranted.

---

[1]  If there is such evidence, Canon failed to refer to it in his original supporting
memorandum and fails to cite to it now, and the Court will not scour the record to locate such
uncited "evidence."  *See* Local Rule 56.1(e)

Canon also argues that deadly force was permissible in this case because there was a warrant for Espinoza's arrest for attempted murder.  In other words, Canon suggests that the warrant gave him license to shoot Espinoza once Espinoza ran from him.  Canon draws support for his argument from language in *Tennessee v. Garner* that provides that deadly force may be used to prevent escape where a suspect threatens the officer with a weapon or where "there is probable cause to believe that [the suspect] has committed a crime involving the infliction or threatened infliction of serious physical harm."  471 U.S. 1, 11-12 (1985).  However, *Garner* also provides that prior to the use of such force some warning must be given if feasible.  *See id.* at 12.  As the Court noted in the March 14, 2006, Order, there is a question of fact as to whether or not Canon gave sufficient warning before shooting.  Specifically, the facts in the light most favorable to Espinoza suggest that Canon failed to give any warning until just before shooting.[2]  To put it bluntly, Espinoza's version of events suggests that Canon paid mere lip service to the warning requirement and discharged his weapon immediately upon speaking and before Espinoza would have been able to react to the warning.

Finally, there is a factual issue about whether or not it was reasonable to use deadly force in this case based on the IPD General Order and Canon's own version of what allegedly happened.  Based on the General Order, it is uncertain whether deadly force would have been authorized under the circumstances.  The General Order provides that such force is justified "only after all other reasonable alternatives have been exhausted" and where there is probable cause to believe that such force is necessary to protect the officer or others from harm, "to prevent the commission of a forcible felony," or to arrest someone the officer has probable cause to believe "poses a threat of serious

---

[2]  Espinoza also claims that Canon was not wearing anything to reveal that he was an officer and that Canon did not verbally identify himself until immediately prior to shooting.

3

bodily injury." Consistent with *Garner*, the General Order also requires that a warning be given if feasible. Again, under the circumstances, there are questions of fact as to whether Espinoza posed an immediate threat to the safety of anyone and whether sufficient warning was given.

Moreover, Canon's version of what actually happened presents questions for the jury. Lest we forget, as Canon apparently has glossed over, Canon stated that Espinoza was shot while he and Espinoza were struggling over the gun, *i.e.*, the shooting was an accident. If this is true, it suggests that Canon himself did not think that Espinoza was a "threat" or that he could have shot Espinoza while Espinoza was fleeing; otherwise Canon would have resorted to the use of deadly force and would not now claim that the shooting was just an accident. Thus, as the Court has already found, questions of fact preclude the entry of summary judgment in Canon's favor, and the Court will not put its imprimatur on an alleged accident so as to convert it into a "good shooting." This is something for a jury to decide.

For the foregoing reasons, as well as those already discussed in the March 14, 2006, Order, the Court finds that a jury could reasonably conclude that the shooting was an unjustified use of excessive force. In addition, based upon the facts alleged by Espinoza, it would have been clear to a reasonable officer that he was not legally justified in using such force under the circumstances. Accordingly, Canon is not entitled to qualified immunity on Espinoza's claims or to summary judgment on the merits of those claims.[3] Canon's Motion to Reconsider is therefore **DENIED**.

---

[3] Indeed, qualified immunity normally will not apply in excessive force cases where there are questions of fact. *See Lanigan v. Village of East Hazel Crest*, 110 F.3d 476-77 (7th Cir. 1997).

IT IS SO ORDERED this 7th day of April, 2006.


_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:


Laurel S. Judkins
OFFICE OF CORPORATION COUNSEL
ljudkins@indygov.org

John F. Kautzman
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jfk@rucklaw.com

Rafael Ramirez
RAMIREZ LAW OFFICE
ramirezlaw@aol.com

John C. Ruckelshaus
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jcr@rucklaw.com